**In the Matter of the JOINT RESOLUTION OF the CITY OF WATERTOWN AND the TOWN OF WATERTOWN FOR the EARLY ANNEXATION OF CERTAIN LAND TO the CITY OF WATERTOWN PURSUANT TO MINNESOTA STATUTES 414.**

No. C8-85-637.

Court of Appeals of Minnesota.

Oct. 29, 1985.

Melchert, Hubert, Sjodin & Willemssen, David P. Hubert, Waconia, for respondent City of Watertown.

Hubert H. Humphrey, III, Atty. Gen., Kenneth E. Raschke, Jr., Asst. Atty. Gen., St. Paul, for Minnesota Municipal Bd.

Nicklaus, Monroe, Fahey & Cooper, Robert A. Nicklaus, Mary Kendall Adler, Chaska, for appellant Robert J. Borrell.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Robert J. Borrell appeals from a district court decision affirming the Minnesota Municipal Board's order annexing 3.6 acres to the City of Watertown. He contends the Board lacked jurisdiction to order annexation without first obtaining the consent of the majority of the landowners affected by the annexation. We affirm.

## FACTS

In 1976 the Watertown City Council and the Watertown Township Board of Supervisors jointly adopted a resolution setting forth the terms under which certain township lands could be annexed by the City. In the "Joint Resolution as to Orderly Annexation" the City and the Township "confer[red] jurisdiction upon the Minnesota Municipal Commission (MMC) so as to accomplish said Orderly Annexation in accordance with the terms of this Resolution and Statutes provided." Under the terms of the agreement annexations could not take place until the area to be annexed was about to become urban or suburban and the City was able to provide municipal services to it. Other terms of the agreement provide for taxing, zoning, and the division of financial assets and obligations. Paragraph 4 of the resolution states:

> Because of the unknown time element of Orderly Annexation, both parties agree to leave the question of annexations within this area to the discretion of the Minnesota Municipal Commission upon application to them by either party hereto, and upon agreement of a majority of the landowners thereto.

In 1983 the City petitioned the Minnesota Municipal Board for annexation of part of the property designated by the resolution. Six landowners are affected by the annexation, the Borrells, the Pysicks and the Neumanns. Borrell spoke in opposition to the annexation at the Board's hearing on the matter. Joseph and Dorothy Pysick did not appear at the hearing, but sent a letter with their son stating that they "would not be annexed." A number of questions were answered at the meeting and the procedures were described. The Pysicks did not renew their objections after the meeting or join in these proceedings.

The Board made findings regarding its jurisdiction, the character of the property, and the need for annexation. It concluded that it had jurisdiction and that the annexation was consistent with a majority of the terms of the joint resolution. It ordered the property annexed to the City.

Borrell sought review by the district court contending that because the majority of the landowners did not agree to the annexation the Board either had no jurisdiction to act or if it did have jurisdiction, it exceeded its jurisdiction. The court rejected Borrell's contention stating that it appeared that a majority of the landowners consented and the grant of power to the Board does not bind the Board to the terms of the joint agreement. The court affirmed the Board's decision.

## ISSUE

Did the Board lack jurisdiction to order annexation without obtaining the consent of the majority of the landowners affected by the annexation?

## DISCUSSION

■ Minn.Stat. § 414.0325, subd. 1 (1984), provides for an orderly annexation process and states in part:

One or more townships and one or more municipalities, by joint resolution, may designate an unincorporated area as in need of orderly annexation and may confer jurisdiction on the board over annexations in the designated area and over the various provisions in said agreement by submission of said joint resolution to the executive director.

Under this statute a township and a municipality may designate an area as in need of orderly annexation. They may confer jurisdiction on the Board over annexations within a designated area by submitting the joint resolution to the executive director of the Board. By this process they also confer jurisdiction over the provisions of the orderly annexation agreement on the Board.

The Board found that a joint resolution was adopted by the City and Township and "duly accepted" by the Board. Borrell acknowledges the accuracy of this finding and recognizes that, by law, the Board has both jurisdiction over annexations within the designated area and over the provisions of the orderly annexation agreement. He argues that while the Board has jurisdiction, the jurisdiction is limited by the terms of the document which confers jurisdiction, the joint resolution. Therefore he argues that when the provision requiring agreement by a majority of landowners was not met, jurisdiction was effectively withdrawn from the Board.

The Board and the City contend that once the Board has jurisdiction over the provisions of an agreement, it is not bound by those provisions but must apply the statutory factors set forth in Minn.Stat. § 414.0325, subd. 3 (1984) before deciding whether to annex. The Board and the City rely not only on the part of Minn.Stat. § 414.035 which confers jurisdiction but also upon the part of Minn.Stat. § 414.0325 which states that the Board "may deny the annexation if it conflicts with any provision of the joint agreement." They contend this

latter provision implies that the Board may grant annexations which conflict with provisions of an agreement. They therefore argue that even if the City and the Township intended that no annexation could take place unless a majority of the landowners agreed, they are not bound by such a provision.

■■■ We agree with the Board's reasoning. When the legislature adopted Chap. 414 it "pre-empted the field of annexation and left nothing for regulation by municipalities within the state." *Ind. Sch. Dist. No. 700 v. City of Duluth*, 284 Minn. 279, 289, 170 N.W.2d 116, 122 (1969). Minn.Stat. § 414.0325, subd. 1, specifically sets out the process for conferring jurisdiction over annexations upon the Board. It does not provide for a partial reservation of jurisdiction or for a withdrawal of jurisdiction once it has been granted. It does provide that once the joint resolution is submitted to the executive director, the Board has jurisdiction over the various provisions of the agreement. We agree with the district court and the Board that by granting jurisdiction to the Board over the provisions, the legislature indicated that the Board was not to be bound by any provision in the agreement except as specifically set forth in the statute.[1]

■ This interpretation is consistent with the remainder of Minn.Stat. § 414.-0325 which mandates the Board to consider certain factors in arriving at an annexation decision and permits, but does not require, it to deny annexation if it conflicts with any provision of the joint agreement. In this case, the joint resolution was given to the Board. By doing so the City and Township not only conferred jurisdiction over the annexation but also over the provisions of the agreement. The Board was therefore not bound by the provision requiring agreement by a majority of landowners.

Borrell relies upon *Township of Fergus Falls v. City of Fergus Falls*, 357 N.W.2d

---

**1.** The statute does contain two provisions which do allow the joint resolution to limit the Board's discretion. *See* Minn.Stat. § 414.0325, subd. 1

(1984), last two paragraphs. Neither is present in this case.

428 (Minn.Ct.App.1984) in which this court held that a provision of a joint resolution for orderly annexation which required an election must be honored. In *Fergus Falls* we agreed that a city and town could, in enacting their joint resolution, preserve a statutory procedure which would apply absent joint resolution. Here Borrell wishes the Board to be bound by a procedure not found in Chap. 414. If we were to countenance such a procedure, we would in effect be allowing a municipality to regulate in a field preempted by the State. We cannot do so.

Borrell also argues that his property will be assessed for improvements and a city cannot annex territory on condition that property be assessed for benefits resulting from improvements. The annexation in this case is not conditional. There is no merit to this argument.

## DECISION

The Board has jurisdiction over the annexation of 3.6 acres to the City of Watertown and does not need to fulfill a condition imposed by the joint resolution that is not contained in the statute.

Affirmed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent:

1. The joint resolution of May 3, 1976, in paragraph 4, provided:

> Because of the unknown time element of orderly annexation, both parties agreed to leave the question of annexations within this area to the discretion of the Minnesota Municipal Commission upon application to them by either party hereto, and *upon agreement of a majority of the landowners thereto.*

(Emphasis added).

2. Minn.Stat. § 414.0325, subd. 1, permits initiation of orderly annexation proceedings and confers jurisdiction on the Minnesota Municipal Board by a joint resolution of a township and municipality. A condition in this joint resolution was agree-

ment by majority of the landowners. Here such agreement was not present. The Board exceeded its jurisdiction because a condition initiating the proceedings and conferring jurisdiction was not met. It was a reasonable condition and not contrary to public policy. The action taken in violation of this reasonable provision denies protection to the parties and landowners to evaluate later circumstances when actual annexation is contemplated.

3. In *Township of Fergus Falls v. City of Fergus Falls,* 357 N.W.2d 428 (Minn.Ct. App.1984), we held a provision in a joint resolution for orderly annexation requiring an election must be honored. I would extend that principle to the condition in this joint resolution also.