CITIES: ANNEXATION: Time conditions in orderly annexation agreements do not bind determinations of Municipal Board or preclude annexation by ordinance pursuant to Minn. Stat. § 414.033, subd. 2a (1992). Minn. Stat. §§ 414.0325, 414.033.

484a-1
(Cr. Ref. 59a-1, 484e-1, 484f)

March 1, 1993

Terrance A. Merritt
Executive Director
Municipal Board
475 McColl Building
366 Jackson Street
St. Paul, MN 55101-1925

Dear Mr. Merritt:

In your letter to our office you set forth substantially the following:

## FACTS

The legislature in 1992 amended Minn. Stat. § 414.033 (1990) which deals with annexation by ordinance to add a subdivision 2a which provides:

> Subd. 2a. MUNICIPALITY MAY ANNEX. Notwithstanding the abutting requirement of subdivision 1, if land is owned by a municipality or if all of the landowners petition for annexation, and the land is within an existing orderly annexation area as provided by section 414.0325, then the municipality may declare the land annexed.

See Minn. Laws 1992 ch. 556, § 6.

The Minnesota Municipal Board has on file numerous joint resolutions for orderly annexation previously submitted pursuant to Minn. Stat. § 414.0325 which contain designated time frames for annexation of portions of the orderly annexation areas.

You then ask substantially the following:

## QUESTION ONE

Is the Municipal Board bound by the time frames set out in such orderly annexation resolutions?

## OPINION

We answer your question in the negative. With the exception of orderly annexation agreements[1] incorporating specific statutory procedures which would apply in absence of such an agreement, the Board may, in proper circumstances, deny an annexation which is contrary to some provision of the agreement, but is not required to do so.

Minn. Stat. § 414.0325, subd. 1 (1992), provides in part:

> One or more townships and one or more municipalities, by joint resolution, may designate an unincorporated area as in need of orderly annexation and may confer jurisdiction on the board over annexations in the designated area and over the various provisions in said agreement by submission of said joint resolution to the executive director. The resolution shall include a description of the designated area. Thereafter, an annexation of any part of the designated area may be initiated by submitting to the executive director a resolution of any signatory to the joint resolution or by the board of its own motion.

Thus, within an area designated for orderly annexation, the Board has jurisdiction to consider annexation either upon petition of one of the signatories or upon its own motion. Unless a joint resolution specifically calls for annexation without Board consideration pursuant to other provisions of section 414.0325, subd. 1,[2] the decision to grant or deny annexation pursuant to section 414.0325 is to be made by the Board after hearing based upon the factors and criteria set forth in section 414.0325, subd. 3. That subdivision does provide that:

---

1. Minn. Stat. § 414.0325 refers to the document establishing an orderly annexation area as a "joint resolution" and also as an "agreement."

2. For example, one part of that subdivision provides:

   > If a joint resolution designates an area as in need of orderly annexation, provides for the conditions for its annexation, and states that no consideration by the board is necessary, the board may review and comment, but shall, within 30 days, order the annexation in accordance with the terms of the resolution.

The board <u>may</u> deny the annexation if it conflicts with any provision of the joint agreement.

(Emphasis added.)

In Township of Fergus Falls v. City of Fergus Falls, 357 N.W.2d 428 (Minn. Ct. App. 1984), the Court of Appeals held that the Board was bound by an agreement in the joint resolution that any annexation would be subject to a referendum which would otherwise be required by Minn. Stat. § 414.031, subd. 5.[3]   However, that holding was subsequently limited to situations involving incorporation of specific statutory procedures in Matter of Joint Resolution of City of Watertown and Town of Watertown, 375 N.W.2d 582 (Minn. Ct. App. 1985), when this court held that the Board was not bound by an agreement provision requiring consent by a majority of landowners before annexation could occur.

Thus, it seems clear, that the Board is not bound, as a matter of law, by time frames for annexations within an orderly annexation area which may be contained in joint resolutions pursuant to Minn. Stat. § 414.0325.

You then ask substantially the following:

## QUESTION TWO

If the Board receives an annexation ordinance enacted pursuant to Minn. Stat. § 414.033, subd. 2a, for an area covered by an orderly annexation agreement, may the Board invalidate the ordinance where the annexation would be inconsistent with the time frame contained in the agreement?

## OPINION

We answer you question in the negative.   The express language of section 414.033, subd. 2a, quoted above clearly expresses the intent of the legislature that property which is within an orderly annexation area established pursuant to section 414.0325 may be annexed by ordinance if it is either owned by the city or if all the landowners petition for annexation.

---

3.    That subdivision has since been repealed.

Section 414.033 places no further conditions upon the annexation. In this respect, subdivision 2a differs from subdivisions 3 and 5, which call for hearings and board evaluation of certain ordinance annexations when timely objections are filed.

Indeed, there would seem little, if any, purpose to permitting annexation by ordinance pursuant to section 414.033, subd. 2a, if such annexations would require satisfaction of the provisions of section 404.0325 and would be subject to the terms of the joint resolution, in any event.

Rather, the entire purpose of the new subdivision 2a would appear to be to allow, in specific circumstances, summary annexation without adhering to the terms and procedures which would otherwise be required.

It might be argued that the mention of Board approval of the ordinance in subdivisions 7 and 9 of section 414.033 implies some general discretion in the Board to refuse to approve, thus preventing the annexation from taking effect. However, aside from the jurisdictional requirements for accomplishing annexation by ordinance, section 414.033 does not set forth any additional defined standards for approval of an ordinance not requiring a hearing under subdivision 3 or 5. Nor is there any other standards or authority in section 414.033 upon which the Board may rely to withhold approval from an ordinance which is authorized under subdivision 2a. Thus, it appears that the "approval" authority of the Board in such circumstances must be limited to determination whether the ordinance is in proper form and meets the jurisdictional requirements contained in that subdivision.

We are aware of Minn. Stat. § 414.033, subd. 10, which provides:

> Subd. 10. The municipal board may, at its discretion, require the city or properly owners to furnish additional information concerning an annexation by ordinance to inform the board about the extent to which the proposed annexation conforms to the statutory criteria set forth in sections 414.01, subdivision 1 and 414.031, subdivision 4.

Terrance A. Merritt
Page 5


The exact intended purpose of this subdivision is not particularly clear. We do not believe, however, that the intent is implicitly to empower the Board to refuse to permit ordinance annexations which would otherwise be permitted without Board hearing upon a substantive evaluation of the statutory factors contained in sections 414.01 or 414.031. The subdivision itself contains no express direction or authority for the Board to deny such annexations. To so construe subdivision 10 would, in effect, eliminate any real value to the annexation by ordinance procedure which is generally intended to provide, in carefully defined situations, a summary annexation procedure not dependent upon policy determinations by the Board.

It appears that subdivision 10 was intended merely to permit the Board to inform itself concerning the nature of property which is being annexed without Board hearing so that it has a basis upon which to evaluate generally the effectiveness of the statutory procedures in furthering the sound planning goals set forth by the legislature. The purpose may also be to enable the Board to express its views, in an advisory way, to the parties in much the same fashion that it does in situations pursuant to section 414.0325, subd. 1, where it may review and comment but not deny annexation.[4]

In any event, subdivision 10 only addresses itself to statutory criteria contained in sections 414.01 and 414.031. No mention is made of evaluating the ordinance in terms of the provisions of any agreement or resolution entered pursuant to section 414.0325.

---

4. See note 2 supra.

Terrance A. Merritt
Page 6


For the foregoing reasons, it is our view that the Board is not authorized to deny approval of an ordinance authorized by Minn. Stat. § 414.033, subd. 2a, on the grounds that it is not in keeping with time frames set out in a prior joint resolution for orderly annexation enacted pursuant to Minn. Stat. § 414.0325.

Very truly yours,

HUBERT H. HUMPHREY III
Attorney General


KENNETH E. RASCHKE JR.
Assistant Attorney General

KER:gpp