LaCRESCENT TOWNSHIP,
Petitioner, Appellant,

v.

CITY OF LaCRESCENT, Minnesota Municipal Board, William Cornforth, Delores Cornforth, Respondents,

Jack Elder, et al., Lower
Court Respondents.

No. C3–93–2017.

Court of Appeals of Minnesota.

April 26, 1994.

Andrew J. MacArthur, St. Michael, Al Wieser, Jr., LaCrescent, for LaCrescent Tp.

Timothy P. Flaherty, Diane Schmidt Koebele, Flaherty & Koebele, P.A., St. Paul, William Von Arx, Caledonia, for City of LaCrescent.

Hubert H. Humphrey, III, Atty. Gen., Kenneth E. Raschke, Jr., Asst. Atty. Gen., St. Paul, for Minnesota Mun. Bd.

William Cornforth, pro se.

Delores Cornforth, pro se.

Considered and decided by DAVIES, P.J., and SHORT and KLAPHAKE, JJ.

## OPINION

SHORT, Judge.

The City of LaCrescent and William and Delores Cornforth petitioned to annex by ordinance two tracts of land located within an area governed by a joint orderly annexation agreement. Ordinances were passed and approved pursuant to Minn.Stat. § 414.033, subd. 2a (1992). The Township of LaCrescent brought this action seeking a declaration of its rights under the joint orderly annexation agreement. The trial court found annexation by ordinance valid. On appeal, the township argues (1) a joint orderly annexation agreement cannot be modified, and (2) Minn.Stat. § 414.033, subd. 2a is ambiguous and at odds with Chapter 414.

## FACTS

In approximately 1979, the Township of LaCrescent entered into a joint agreement with the City of LaCrescent for the orderly annexation of certain township property pursuant to Minn.Stat. § 414.0325 (1978). That agreement was revised and readopted in 1985. The agreement provided that the subject land could not be divided. and that at least sixty percent of landowners must petition the city to initiate annexation.

In 1993, the Cornforths and the city petitioned for the annexation of platted property subject to that annexation agreement. In March 1993, the city council passed, and the Minnesota Municipal Board approved, the annexation ordinances. The township sued the city arguing the annexation was void because it violated the terms of the annexation agreement by dividing the land and by failing to secure a petition from sixty percent of the landowners.

The township moved for a temporary injunction to enjoin the city from publishing the annexation ordinances. The trial court denied that motion because the township had an adequate remedy at law. The township appealed the municipal board's decision, seeking declaratory relief and an interpretation of the annexation agreement. The trial court denied declaratory relief, concluding the agreement was not a binding contract and the two annexation statutes did not conflict. The township now appeals from that judgment.

## ISSUES

I. Can a joint orderly annexation agreement be modified?

II. Can an ordinance annexing township property bypass the terms of a joint orderly annexation agreement?

## ANALYSIS

■ The parties agree on the relevant facts. This case involves the annexation by ordinance of land which is part of an area designated for orderly annexation, a process governed by Minn.Stat. § 414.033, subd. 2a (1992). The sole issue before us is one of statutory interpretation, which is a question of law subject to de novo review. *Doe v. Minnesota State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989), *reh'g denied* (Apr. 18, 1989).

I.

■ The township argues an annexation agreement is a binding contract that cannot be modified by the city, township, or state. We disagree. Municipalities cannot limit the power of the legislature over annexation because the legislature preempted that field by adopting Chapter 414. *Independent Sch.*

*Dist. No. 700 v. City of Duluth,* 284 Minn. 279, 289, 170 N.W.2d 116, 122 (1969); *In re City of Watertown,* 375 N.W.2d 582, 584 (Minn.App.1985). In addition, the contract rights of government entities are not constitutionally protected from state interference. *City of Trenton v. State of New Jersey,* 262 U.S. 182, 188, 43 S.Ct. 534, 537, 67 L.Ed. 937 (1923); *Town of Bridgie v. County of Koochiching,* 227 Minn. 320, 323, 35 N.W.2d 537, 540 (1948). While a joint annexation agreement represents a mutually agreeable plan for the orderly annexation of specified areas, the state legislature is not precluded from interfering with such an agreement when exercising its statutory authority over property held by municipal corporations. *See City of Safety Harbor v. Birchfield,* 529 F.2d 1251, 1255 (5th Cir.1976) (annexation agreements between municipalities do not prevent legislature from ordering annexation contrary to the agreements); *State v. Minneapolis–St. Paul Metropolitan Airports Comm'n,* 248 Minn. 134, 143, 78 N.W.2d 722, 728 (1956) (absent constitutional restriction, the legislature has the power to modify, alter, or withdraw any municipal power). Finally, the parties' annexation agreement specifically acknowledges it is subject to "overriding rules and regulations." Thus, a joint annexation agreement can be modified by the legislature when it creates new annexation procedures.

## II.

Annexation of land within a designated area is governed by Minn.Stat. § 414.0325 (1992). Section 414.033 (1992) specifies the circumstances under which a municipality may annex land by ordinance. The township argues subdivision 2a of Minn.Stat. § 414.033 is ambiguous. That subdivision provides:

[I]f land is owned by a municipality or if all of the landowners petition for annexation, and the land is within an existing orderly annexation area as provided by section 414.0325, then the municipality may declare the land annexed.

*Id.* The subdivision prescribes the limited conditions under which property within an orderly annexation agreement may be annexed by ordinance: (1) if the municipality owns the land, and (2) if all of the landowners petition for annexation.

■■■■ That subdivision does not require annexation by ordinance to comply with the terms of a previously existing annexation agreement. Nor does section 414.0325 confer exclusive jurisdiction on the municipal board or require the board to deny annexation if its terms conflict with a joint agreement. *See City of Watertown,* 375 N.W.2d at 584–85 (concluding that the municipal board is not bound by conditions imposed by joint resolutions which are not statutory procedures). Where a statute is unambiguous and its provisions are couched in plain and simple language, we cannot insert a requirement into the statute. *See* Minn.Stat. § 645.16 (1992) (when a statute speaks for itself, there is no room for judicial construction); *Commissioner of Revenue v. Richardson,* 302 N.W.2d 23, 26 (Minn.1981) (same). Under the plain language of the statute, there is no conflict between section 414.033, subd. 2a, and section 414.0325. *See* Minn.Stat. §§ 645.16 (laws should be construed to give effect to all provisions), 645.17(2) (courts may presume legislature intends entire statute to be effective and certain).

The township argues allowing annexation by ordinance to override annexation agreements will negate the usefulness of section 414.0325. We disagree. Section 414.033, subd. 2a, provides a specific method by which land may be annexed. Annexation under this section requires the agreement of the city and the property owner and will not necessarily be the preferred method of annexation in all cases. By contrast, section 414.0325 allows cities and townships to plan for the future. It encourages cities and townships to approach annexation in an orderly fashion, identify land destined for annexation, and make joint planning decisions. These aspects of the section remain useful even where the land is eventually annexed by ordinance. Our interpretation of these two statutes would be the same even if the sections were in conflict because subdivision 2a is more specific and later-enacted. *See* Minn.Stat. § 645.26, subd. 1 (1992) (where a general provision and a special provision conflict, the special provision shall be construed

as an exception), subd. 4 (law enacted last prevails).

The township also argues subdivision 2a is inconsistent with the overall purpose of Chapter 414. We disagree. Chapter 414 was inspired in part by legislative findings that areas which are intensively developed are most efficiently governed by municipal government. Minn.Stat. § 414.01 (1992). Its purpose is to facilitate the annexation of such property. *Id.; see* Laurie Reynolds, *Rethinking Municipal Annexation Powers,* 24 Urb.Law. 247, 258–59 (1992) (discussing when and why municipal governments are preferred). Any property annexed by ordinance under section 414.033, subd. 2a, has already been identified as destined for annexation because of its degree of development and proximity to the city. Facilitating the annexation of this property is therefore in the public interest and consistent with the purpose of Chapter 414. *Cf.* Reynolds, *supra* (arguing that facilitating annexation is more important than preserving self-determination).

### DECISION

The City of LaCrescent's annexation under Minn.Stat. § 414.033, subd. 2a, was valid even though it did not comply with the terms of a joint orderly annexation agreement created pursuant to Minn.Stat. § 414.0325.

**Affirmed.**