**ROADS: TOWN LINE: MAINTENANCE:** County boards may determine division of maintenance responsibility for town line road established prior to enactment of authorizing statute. Op. Atty. Gen. 379C-8(c). September 18, 1951 superseded. Minn. Stat. § 164.12 (1996).

379C-8(c)

November 5, 1998

David J. Hauser
Otter Tail County Attorney
Otter Tail County Courthouse
Fergus Falls, MN 56537

Dear Mr. Hauser:

In your letter you set forth substantially the following:

## FACTS

Prior to 1951, there was a six-mile common town road on the boundary between Oscar Township in Otter Tail County and Akron Township in Wilkin County running along the county line. In 1951, the counties took over the northerly five miles of the road. Oscar Township, Otter Tail County, which had been originally responsible for maintaining the three miles of the road has maintained the one mile remaining since 1951 but feels that Akron Township should also be responsible to share the expense.

In 1951 the Attorney General rendered the opinion that. pursuant to an agreement entered between the two towns in 1885. Oscar Township remained entirely responsible for maintaining the remaining mile of town road originally allocated to it. Op. Atty. Gen. 379C - 8C. September 18,1951. However. Minn. Stat. § 164.12. enacted in 1959. now provides that "when part of a town line road is taken over as a county highway, the town boards are to divide responsibility for the remaining town road equally between them to the extent possible."

You then ask substantially the following:

## QUESTION

In these circumstances. when counties have taken over control and maintenance of a portion of a former township road on a town line. who is responsible for maintaining the portion of the road not taken over?

## OPINION

As noted above, Minn. Stat. § 164.12, subd. 5 requires the neighboring towns, in such circumstances to enter an agreement when a portion of the road is taken over dividing responsibility between them. Furthermore, subdivision 6 of that section provides:

> When the town boards cannot agree upon a division as provided in subdivision 2 or subdivision 5, or upon the petition of either town board when a division previously agreed upon has proved to be inequitable, the county board, or where the road is on a county line the county boards of the counties concerned, shall determine the proper division of responsibility.

In our view this provision applies to the mile of road lying between Oscar and Akron Townships, described in the facts presented.

It has been argued that, inasmuch as Minn. Stat. § 164.12 did not exist when the counties took over five miles of the road in 1951, its enactment in 1959 can have no effect upon the allocation of maintenance responsibility under the pre-existing 1885 agreement. It is true that statutes enacted by the legislature will not be construed to be "retroactive unless clearly and manifestly so intended by the legislature." Minn. Stat. § 645.21. Because of this presumption and constitutional prohibitions against impairment the obligations of contracts, statutes are often held inapplicable to contracts in existence at the time of their enactment. See e.g., Jacobsen v. Anheuser Bush, Inc. 392 N.W.2d 868 (Minn. 1986). Such is not always the case, however, especially in cases involving agreements between units of local government. As creatures of the state, local governments and their contractual relationships with one another do not enjoy the same constitutional protections from legislative modification as private persons. See e.g., La Crescent Township v. City of La Crescent. 515 N.W.2d 608 (Minn. Ct. App. 1994), wherein the court upheld application of a new statute permitting cities to annex certain property by ordinance, notwithstanding a pre-existing agreement between the city and town that arguably prohibited such an annexation.

David J. Hauser
Page 3

In the instant case it seems clear that the legislature intended Minn. Stat. § 164.12, subd. 5 to apply to previously existing maintenance agreements. The plain wording of subdivision 6 speaks retrospectively in providing for resolution by the county boards "when a division previously agreed upon has proved inequitable, . . . " (Emphasis added). At the time it took effect in 1959, that language could only have applied to agreements entered into prior to its enactment. Furthermore, the remedial nature of the provision argues in favor of its application to pre-existing divisions of responsibility. Cf. Olsen v. Special School District #1, 427 N.W.2d 707 (Minn. Ct. App. 1988) (repeal of damage discount law given retroactive effect due, in part, to remedial nature of legislation). We can perceive no reason why the legislature would have intended to perpetuate existing "inequitable" divisions of responsibility.

Thus it is our view that, while it is presently the responsibility of Oscar Township to maintain the one mile of town line road in question, the Town may attempt to negotiate a modification of the 1885 agreement or may seek a reapportionment of responsibilities upon a determination by the county boards of Otter Tail and Wilkin counties that the previously agreed division has proved inequitable.

Op. Atty. Gen. 379C-8-C, September 18, 1951 is superseded to the extent inconsistent herewith.

Very truly yours.

HUBERT H. HUMPHREY III
Attorney General

KENNETH E. RASCHKE, JR.
Assistant Attorney General

AG:62513 v1