**AMERICAN TOWER, L.P., a Delaware limited partnership, Respondent,**

**APT Minneapolis, Inc., a Delaware corporation, Plaintiff,**

v.

**CITY OF GRANT, Petitioner, Appellant.**

**No. C1–00–786.**

Supreme Court of Minnesota.

Dec. 6, 2001.

James M. Strommen, Karen R. Cole, Minneapolis, for appellant.

Gary A. Van Cleve, Mark D. Christopherson, Bloomington, for respondent.

Susan L. Naughton, St. Paul, for amici curiae League of Minnesota Cities.

Donald Smith, Edina, for amici curiae Minnesota Association of Realtors.

## OPINION

GILBERT, Justice.

We must decide whether appellant, City of Grant (City), complied with the requirements contained in Minn.Stat. § 15.99 (2000) in denying respondent's request for a conditional use permit (CUP) more than 60 days after receiving respondent's written request. We hold that the City did not comply with the statutory requirements and affirm the court of appeals for the reasons stated below.

Respondent, American Tower, is a limited partnership engaged in the business of constructing communications towers for lease by providers of wireless digital telephone and pager services. American Tower sought to construct a communications tower in the City of Grant, a Minnesota municipal corporation. Under the City's ordinances, American Tower had to obtain a CUP in order to build the tower.

On May 5, 1999, the City Clerk sent a CUP application to American Tower. It is the City's practice to send to a prospective

applicant a copy of Resolution No.1996–11 together with the CUP application. This resolution was adopted by the City in 1996 and states:

> [T]he Town of Grant hereby extends the timelines under Minnesota Statutes § 15.99 for each and every written request relating to zoning \* \* \* for a permit, license, or other governmental approval of an action.

The text of the resolution explains that the resolution was adopted because the City lacks the resources to process zoning applications within 60 days. The resolution also states that the City's authority to extend the statute's 60–day review period is based on Minn.Stat. § 15.99, subd. 3(f) (2000).

The City's CUP application contains a double-sided application form. Appearing on page 2, directly above the signature line, is the following statement:

> *Extension of Time Deadlines:* You are hereby notified that the City of Grant is hereby extending the time deadlines required in M.S. section 15.99 with respect to the written request you have made to the City. The extension is made for an additional sixty (60) days. The reason for the extension is to enable the City Council and the Planning Commission to more fully deliberate with respect to your request and to allow City staff and consultants time to prepare the necessary findings with respect to the City's ultimate determination. This timeline does not begin until the application is complete with all required submissions.

On August 31, 1999, American Tower filed a written CUP application. Its application did not include page two, which contains the extension notice and the signature line.[1] On September 27, 1999, the

City Planning Commission recommended that the City Council approve the application. The City Council tabled consideration of American Tower's application at its meetings on October 5 and November 2, 1999. At its December 7 meeting, the Council denied American Tower's application for reasons that are not contested here.

American Tower challenged the denial of its application in district court, contending that the City was required to issue the CUP as a matter of law under Minn.Stat. § 15.99. Finding that there was no dispute as to the material facts of the case, the court granted American Tower's motion for summary judgment. The court concluded that under section 15.99, the City was required to issue the CUP because the City had failed to make a decision within 60 days of the application's submission and had failed to obtain an extension. The court rejected the City's argument that section 15.99 is preempted by the Telecommunications Act of 1996, Pub.L. No. 104–104, 110 Stat. 56 (partially codified at 47 U.S.C. § 332 (1994 & Supp. V 1999)).

The court of appeals, in a 2–1 decision, affirmed the district court. According to the court of appeals, the statutory scheme envisioned by the legislature in enacting section 15.99 requires a city to act in the normal course on a CUP application within 60–days after it is received and permits a city to grant itself an extension only if there are "extenuating circumstances." *American Tower, L.P. v. City of Grant*, 621 N.W.2d 37, 43 (Minn.App.2000)(quoting *Hearing on S.F. No. 647 Before the Senate Comm. on Governmental Operations and Veterans* (Mar. 29, 1995)(statement of Sen. Riveness)). The court found that the City's practice of prospectively granting itself a 60–day extension to act on

---

**1.** American Tower contends that it did not receive page two of the application from the

City, but admits that it received this page for purposes of summary judgment.

zoning applications was inconsistent with the 60–day deadline contained in section 15.99. Therefore, the court held that a municipality cannot extend the initial 60–day deadline for a decision on a zoning application to 120 days by granting itself the extension before receiving the application to which the extension applies. The court also held that section 15.99 is not preempted by the federal statute.

The City appealed, claiming that section 15.99 permits a municipality to extend the initial 60–day deadline by providing written notice of the extension in the application provided to potential applicants. The City does not contest the court of appeal's holding regarding preemption and that issue is not before us.

The question before us is whether section 15.99 permits a municipality to extend the 60–day deadline for response, before receiving a written request relating to zoning, by providing written notice of extension in the application form provided to potential applicants. Addressing this question is a matter of statutory construction. Interpreting a statute is a question of law that this court reviews de novo. *Hibbing Educ. Ass'n v. Pub. Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985). When interpreting a statute, a court must first determine whether the statute's language, on its face, is ambiguous. *See Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Id.* Words and phrases are to be construed according to their plain and ordinary meaning. *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn. 1980). Where the legislature's intent is clearly discernable from plain and unambiguous language, statutory construction is neither necessary nor permitted and

courts apply the statute's plain meaning. *Ed Herman & Sons v. Russell*, 535 N.W.2d 803, 806 (Minn.1995); Minn.Stat. § 645.16 (2000).

In 1995, the Minnesota legislature enacted Minn.Stat. § 15.99, which establishes time deadlines for local governments to take action on zoning applications. Act of June 1, 1995, ch. 248, art. 18, § 1, 1995 Minn. Laws 2415, 2477–78. Subdivision 2 provides:

> Except as otherwise provided in this section and notwithstanding any other law to the contrary, an agency must approve or deny within 60 days a written request relating to zoning * * *. Failure of an agency to deny a request within 60 days is approval of the request. If an agency denies the request, it must state in writing the reasons for the denial at the time that it denies the request.

Minn.Stat. § 15.99, subd. 2 (2000).

Subdivision 3(f) permits an agency to extend the time limit before the end of the initial 60–day period "by providing written notice of the extension to the applicant." Minn.Stat. § 15.99, subd. 3(f). "The notification must state the reasons for the extension and its anticipated length, which may not exceed 60 days unless approved by the applicant." *Id.*

Subdivision 3(a) details the method for calculating the 60–day period. It provides:

> The time limit in subdivision 2 begins upon the agency's receipt of a written request containing all information required by law or by a previously adopted rule, ordinance, or policy of the agency. If an agency receives a written request that does not contain all required information, the 60–day limit starts over only if the agency sends notice within ten business days of receipt of the request

telling the requester what information is missing.

Minn.Stat. § 15.99, subd. 3(a) (2000).

■ To address the question before us, we must first determine whether the deadline extension provision in section 15.99 is ambiguous. *See Amaral,* 598 N.W.2d at 384. If the provision is clear, we must apply the statute's plain meaning. Minn. Stat. § 645.16; *Ed Herman & Sons,* 535 N.W.2d at 806. Subdivision 3(f) provides that "[a]n agency may extend the time limit in subdivision 2 before the end of the initial 60–day period." Minn.Stat. § 15.99, subd. 3(f). Thus, if the City desires an extension of time to complete its application review process, it may extend the time frame "before the end of the initial 60–day period." *Id.* Subdivision 3(a), which details when extensions of time are permissible, specifies how to calculate the initial 60–day period. Minn.Stat. § 15.99, subd. 3(a). "The time limit in subdivision 2 begins upon the agency's receipt of a written request." *Id.* In this case, the City received a written request for a CUP from American Tower on August 31, 1999. The City's receipt of the written request triggered both the commencement of the 60–day time limit to approve or deny the request and the commencement of the period in which the City could extend the 60–day deadline.

The City focuses on the word "before" and contends that subdivision 3(f) permits a municipality to extend the deadline at any time, even before receiving the written zoning request. Therefore, it argues that Resolution No.1996–11 and the extension notice on the application form sent to the applicant comply with subdivision 3(f). However, by emphasizing the word "before," the City ignores the remainder of the statute, which specifies that a municipality may extend the deadline by providing written notice of the extension to the applicant. Subdivision 3 defines the time limit for application and extensions and subdivision 3(a) provides that "[t]he time limit in subdivision 2 begins upon the agency's receipt of a written request." *Id.* The City's interpretation would nullify the time frame established by the legislature and is therefore directly contrary to the plain language of the statute.

This conclusion that the City cannot extend the initial 60–day period before that 60–day period begins is consistent with the requirement in subdivision 3(f) that written notice of the extension be provided to the applicant and that the applicant be notified of the reasons for the extension and its anticipated length. Because one is not an applicant until one has submitted a zoning request, the use of the term "applicant" indicates that an extension must be made after the application is received by the agency.

■ Our conclusion is also consistent with section 15.99's individualized approach based on an applicant's zoning requests and definitive deadline and procedures for extensions within the statute. Ruling on a conditional use permit is a quasi-judicial act. *Interstate Power Co. v. Nobles County Bd. of Comm'rs,* 617 N.W.2d 566, 574 (Minn.2000)(citing *Honn v. City of Coon Rapids,* 313 N.W.2d 409, 416 (Minn.1981)). Section 15.99 provides applicants with a number of procedural safeguards. Subdivision 2 mandates that an agency provide written reasons for the denial of a zoning request at the time the request is denied. Minn.Stat. § 15.99, subd. 2. Failure of an agency to deny the request within 60 days is approval of the request. *Id.* The City's resolution, by granting the City an extension "for each and every written request relating to zoning" in advance of an application, is inconsistent with this case-by-case approach

because it prospectively establishes generalized rules for all zoning requests.

For the foregoing reasons, we affirm the decision of the court of appeals in regard to section 15.99. However, the court of appeals' conclusion that the City's resolution conflicts with the language and intent of section 15.99 was based, in part, on the conclusion that section 15.99 permits an agency to invoke subdivision 3(f)'s extension provision only when there are "extenuating circumstances." We disagree. Subdivision 3(f) permits an agency to extend the time limit in subdivision 2 "before the end of the initial 60–day period by providing written notice of the extension to the applicant." Minn.Stat. § 15.99, subd. 3(f). The statute does not limit the application of subdivision 3(f) to extenuating circumstances—it merely requires that the reasons be stated.

Affirmed as modified.