Lance J. JOHNSON, Respondent,

v.

COOK COUNTY, Appellant.

No. A08–1501.

Supreme Court of Minnesota.

July 29, 2010.

Roy J. Christensen, Johnson, Killen &
Seiler, P.A., Duluth, MN, for respondent.

Paul D. Reuvers, Susan M. Tindal, Iverson Reuvers, Bloomington, MN, for appellant.

Susan L. Naughton, St. Paul, MN, for amici curiae League of Minnesota Cities, Association of Minnesota Counties, and Minnesota Association of Townships.

## OPINION

DIETZEN, Justice.

Respondent Lance J. Johnson brought a declaratory judgment action against appellant Cook County in 2006 alleging that the County erroneously denied his 2001 request to rezone two parcels of real property for commercial use. Subsequently, the County filed a motion for summary judgment, arguing that its decision was reasonable and laches barred review. Johnson responded that his 2001 rezoning request was automatically approved because the County failed to state in writing the reasons for the denial of his request as required by Minn.Stat. § 15.99, subd. 2 (2000). The district court granted the County's motion for summary judgment, and the court of appeals reversed on the ground that the County failed to comply with Minn.Stat. § 15.99, subd. 2. Subsequently, we granted review. Because we conclude that the County's failure to state in writing the reasons for the denial did not result in automatic approval of the request, we reverse.

Johnson owns two contiguous parcels of real property in Cook County, Minnesota, located along Highway 61 between Lutsen and Grand Marais. Johnson acquired the first parcel (parcel A) in January 2001 by warranty deed. Parcel A was zoned for residential use, and had a storage shed that was used commercially to store boats and other equipment on the property. In 2003, Johnson acquired the second parcel (parcel B) by a contract for deed. The west half of parcel B was zoned for residential use, and the east half was zoned for commercial use. Both parcels occupy about 11.45 acres, and are bounded on the south side by Highway 61, on the east side by Isak Hansen Construction & Lumber True Value, on the north side by property owned by Rita's Grandview Ridge, LLC, and on the west side by residential property.

On May 15, 2001, Johnson and his contract vendor for parcel B submitted an application to the Cook County Office of Planning and Zoning, requesting that parcel A and the west half of parcel B be rezoned from residential to general commercial use. The Cook County Planning Commission considered Johnson's application at a public meeting on June 13, 2001. Following the hearing, the Commission issued written findings and a recommendation to deny Johnson's request.

The Cook County Board of Commissioners considered Johnson's application at a public hearing on September 11, 2001.[1] At the hearing, the County Board received testimony from the public as well as Johnson. The County Board voted to deny Johnson's request, but did not state in writing the reasons for the denial of Johnson's request. Johnson continued his commercial use of the storage shed on parcel A by storing boats and other equipment.

In 2005, Rita's Grandview Ridge submitted to the County an application to rezone a portion of its property from commercial to residential and for a conditional use permit to develop a 12–lot planned unit development on the larger portion of the

---

1. The parties have agreed that September 11, 2001, was the County's deadline under Minn. Stat. § 15.99, subd. 2, for addressing Johnson's request. Consequently, the timeliness of the Board's vote to deny the request is not at issue.

property. The County Board granted both zoning applications.

In 2006, Johnson brought a declaratory judgment action, alleging that the County erroneously denied his 2001 application to rezone parcel A and the west half of parcel B from residential to general commercial use and erroneously granted Rita's Grandview Ridge's zoning applications. He also alleged that the County's zoning decisions resulted in a taking of his property, and therefore he was entitled to just compensation. Cook County moved for summary judgment, arguing that the County's zoning decisions were lawful and proper, that the doctrine of laches barred Johnson's claims, and that Johnson had failed to establish a takings claim. In response, Johnson asserted, among other things, that his 2001 rezoning request was automatically approved due to the County's failure to state in writing the reasons for the denial of his request as required by Minn.Stat. § 15.99, subd. 2.

The district court granted the County's motion for summary judgment, concluding that the County's decision denying Johnson's 2001 zoning application was "reasonable" and that Johnson "lost whatever right to seek review that he had at the time of the 2001 proceeding." Judgment was entered and Johnson appealed.[2]

In an unpublished opinion, the court of appeals reversed the district court, concluding that Johnson's application was automatically approved under Minn.Stat. § 15.99, subd. 2, because the County failed to state in writing the reasons for the denial of the rezoning request. *Johnson v. Cook County*, No. A08–1501, 2009 WL 2366127, at *3–4 (Minn.App. Aug. 4, 2009). The court of appeals also concluded that since the rezoning request was automati-cally approved pursuant to statute, Johnson's claim was not barred by the doctrine of laches. *Id.* at *3. Subsequently, we granted the County's petition for review.

## I.

The County argues that the court of appeals erred in concluding that the automatic-approval provision in Minn.Stat. § 15.99, subd. 2, is triggered when a government agency fails to state in writing the reasons for the denial of a zoning request at the time that such request is denied. Rather, the County argues that the automatic-approval penalty is triggered only when the agency does not deny a request within the 60–day deadline of the statute. Johnson responds that Minn.Stat. § 15.99, subd. 2, requires that the agency not only deny the zoning request within the time deadline, but also state in writing the reasons for the denial within the time deadline to avoid the automatic-approval penalty.

█ We review questions of statutory interpretation de novo. *Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn.2001). The goal of all statutory interpretation is to ascertain the intent of the Legislature. Minn.Stat. § 645.16 (2008). When construing the language of a statute, we must give words and phrases their plain and ordinary meaning. Minn. Stat. § 645.08 (2008). If the language of a statute is clear and free from ambiguity, our role is to apply the language of the statute, and not to explore the spirit and purpose of the law. Minn.Stat. § 645.16; *Am. Tower*, 636 N.W.2d at 312. But if the language of a statute is ambiguous, then we can go beyond the language at issue to

---

**2.** In order to facilitate the appeal, the parties stipulated to a dismissal of Johnson's takings claim on the ground that the relevant zoning approval of Rita's Grandview Ridge granted by the County had expired.

ascertain the intent of the Legislature. Minn.Stat. § 645.16.

With these principles in mind, we turn to the applicable language of Minn.Stat. § 15.99, subd. 2. It provides:

> Except as otherwise provided in this section and notwithstanding any other law to the contrary, an agency must approve or deny within 60 days a written request relating to zoning.... *Failure of an agency to deny a request within 60 days is approval of the request. If an agency denies the request, it must state in writing the reasons for the denial at the time that it denies the request.*

Minn.Stat. § 15.99, subd. 2 (2000) (emphasis added).[3] Subdivision 2 contains three sentences. The first sentence provides that government agencies, including counties, subject to certain exceptions not applicable here, must approve or deny a zoning request within a time deadline. *See id.; see also* Minn.Stat. § 15.99, subd. 1 (2000). Specifically, it states that "an agency must approve or deny within 60 days a written request relating to zoning." Minn.Stat. § 15.99, subd. 2. The second sentence provides that the "[f]ailure of an agency to deny a request within 60 days is approval of the request." *Id.* This is the time deadline requirement and penalty provision of the statute. The third sentence provides that if an agency denies a zoning request, it "must state in writing the reasons for the denial at the time that it denies the request." *Id.* This is the "written-reasons requirement" of the statute. At issue is whether an agency must satisfy both requirements—the time deadline and written-reasons requirements—within the 60–day deadline to avoid the automatic-approval penalty provision of subdivision 2.

■ The parties do not dispute that if the County failed to deny a zoning request within the 60–day response period, the automatic-approval penalty provision of the statute would be triggered. Johnson argues that the written-reasons requirement of the statute is mandatory, and that failure to express written reasons for the denial within the time deadline results in automatic approval. The County argues that the written-reasons requirement of the statute is merely directory. Both parties rely heavily on *Hans Hagen Homes, Inc. v. City of Minnetrista,* 728 N.W.2d 536 (Minn.2007), to support their respective positions.

In *Hans Hagen,* we concluded that a city's failure to give an applicant a written statement of the reasons for its denial of a zoning request within the time deadline, as required by the 2003 amendments to subdivision 2, did not trigger the automatic-approval penalty provided in Minn.Stat. § 15.99, subd. 2(a) (2004). *Hans Hagen,* 728 N.W.2d at 539, 544. We observed that "denial is complete when a city votes to deny the application and adopts a written statement of its reasons for denial, whether or not the city provides notice to the applicant." *Id.* at 540. Johnson relies on this language to argue that the denial of a zoning request is not complete until written reasons are given for the denial. But

---

**3.** It is undisputed that the 2000 version of section 15.99 was in effect when the County denied Johnson's request, and therefore is applicable. The statute was amended in 2003, with the renumbering of subdivision 2 as subdivision 2(a), and with the addition of subdivisions 2(b) and 2(c). *See* Act of May 13, 2003, ch. 41, § 1, 2003 Minn. Laws 321, 322 (codified as amended at Minn. Stat. § 15.99 (2008)). The amendments did not substantively alter the language at issue. The 2003 amendments do not apply retroactively. *See id.,* § 2, 2003 Minn. Laws 321, 323 ("This act is effective June 1, 2003, for requests submitted on or after that date.").

Johnson ignores a footnote in which we explicitly declined to reach this issue. We stated:

> [T]he penalty could be read to apply only where the City has not acted on the request (i.e., has not held a public hearing and taken a vote) before the expiration of the response deadline. But, because the City does not argue for that narrower construction, and the facts before us show that the City did both—acted to deny and stated its reasons for denial in writing—before the expiration of the response deadline, we will not decide that precise issue and instead leave it for another day.

*Id.* at 540 n. 1. Here, the County argues for the narrower construction of the statute that was not before us in *Hans Hagen.* Now, the issue is squarely before us.

■ Our case law has previously distinguished between mandatory and directory provisions in Minn.Stat. § 15.99 (2000). The County's noncompliance with a mandatory provision in Minn.Stat. § 15.99, subd. 2, would trigger application of the automatic-approval penalty, but noncompliance with a directory provision in the statute would not. *See Hans Hagen,* 728 N.W.2d at 541–44; *see also Benedictine Sisters Benevolent Ass'n v. Pettersen,* 299 N.W.2d 738, 740 (Minn.1980) (concluding that a 30–day time deadline in which the health commissioner was required to issue a decision on an application for a certificate of need was directory and the decision was therefore valid regardless of whether it was issued within 30 days). In *Hans Hagen,* we recognized that "a statute may contain a requirement but provide no consequence for noncompliance, in which case we regard the statute as directory, not mandatory." 728 N.W.2d at 541–42 (concluding that failure to give the applicant a copy of the written reasons for denial in Minn.Stat. § 15.99, subd. 2(a) (2004) was

directory). We explained that when a statute requires a government agency to act, "it is reasonable to assume [it] will do so or it could be compelled to do so by mandamus." *Hans Hagen,* 728 N.W.2d at 541. Therefore, the lack of a consequence for a zoning authority's failure to state in writing its reasons for denying a zoning request does not render the statute ineffective, but instead supports the conclusion that the statute is directory. *See id.* at 541–42.

■ We read the second sentence of Minn.Stat. § 15.99, subd. 2 (2000), to unambiguously state that failure of a government agency to deny a request within 60 days is approval of the request. Importantly, the second sentence does not require that a denial must include written reasons within the 60–day period. We may not add words to a statute that the Legislature has not supplied. *Genin v.1996 Mercury Marquis,* 622 N.W.2d 114, 117 (Minn.2001). And the third sentence of the statute provides that the agency must state in writing the reasons for the denial, but does not provide a consequence for the failure to do so. *See* Minn.Stat. § 15.99, subd. 2. The Legislature could have easily done so, but it did not. We must interpret the language of a statute, if possible, to give effect to all its provisions. Minn.Stat. § 645.16.

We conclude that the time deadline requirement in the second sentence and the written-reasons requirement in the third sentence of subdivision 2 are separate requirements. The time deadline provision provides a consequence for the failure to act, and therefore is mandatory. *See Hans Hagen,* 728 N.W.2d at 542. Conversely, the written-reasons requirement does not provide a consequence for failure to act, and therefore is directory. Thus, subdivision 2, read as a whole, supports

the conclusion that the written-reasons requirement is directory and not mandatory.

■■■ Our construction of Minn.Stat. § 15.99, subd. 2,[4] does not, however, change the consequence to a local zoning authority for failing to record or reduce to writing its reasons for denying a zoning request. Specifically, when a local zoning proceeding "was fair and the record clear and complete," review on appeal is based on the record. *Swanson v. City of Bloomington,* 421 N.W.2d 307, 313 (Minn.1988). More importantly, when a zoning authority fails to record legally sufficient reasons for the denial of a zoning request that are factually supported in the record, a prima facie case of arbitrariness is established. *See Honn v. City of Coon Rapids,* 313 N.W.2d 409, 416 (Minn.1981) (concluding that when legally sufficient reasons are not recorded or reduced to writing, the zoning authority "runs the risk of not having its decision sustained"). If the zoning authority's decision is arbitrary and capricious, "the standard remedy is that the court orders the permit to be issued." *In re Stadsvold,* 754 N.W.2d 323, 332 (Minn. 2008). But a remand to the zoning authority to articulate its reasons confined to the issues raised in the earlier proceedings is appropriate in limited circumstances. *Id.* at 333; *Earthburners, Inc. v. County of Carlton,* 513 N.W.2d 460, 463 (Minn.1994). Our construction of Minn.Stat. § 15.99, subd. 2, does not preclude an applicant from arguing that the failure to record or reduce to writing legally sufficient reasons factually supported in the record renders the zoning authority's decision arbitrary and capricious, or a zoning authority from proving that a remand is compelled by the circumstances of the case.

We hold that the written-reasons requirement in Minn.Stat. § 15.99, subd. 2, is directory and not mandatory.[5] Consequently, the failure to comply with the written-reasons requirement does not result in the application of the penalty provision of the statute, provided the agency decision is made within the time deadline of the statute. The written-reasons requirement is a directory provision, and therefore, a zoning application is not automatically approved under Minn.Stat. § 15.99, subd. 2, when a government agency fails to state in writing the reasons supporting its denial within the 60–day period.

Reversed.

ANDERSON, PAUL H., J., took no part in the consideration or decision of this case.

STRAS, J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

4. Because we conclude that the automatic-approval penalty does not apply here, and because Johnson does not challenge the district court's conclusion that the County's decision was reasonable, we do not address whether Johnson's section 15.99 challenge was timely.

5. Our holding thus overrules the court of appeals' decision in *Demolition Landfill Services, LLC v. City of Duluth,* 609 N.W.2d 278, 281–82 (Minn.App.2000), *rev. denied* (Minn. July 25, 2000), in which the court of appeals concluded that the automatic-approval penalty applies when a government agency fails to state in writing the reasons for the denial of a zoning request.