MCKEIG, Justice.
*217 Midway Township and the City of Duluth entered into an orderly annexation agreement pursuant to Minn. Stat. § 414.0325 (2018) regarding certain designated property in Midway and governing future annexations of that property by Duluth. After the orderly annexation agreement took effect, the owners of some of the designated property petitioned the City of Proctor, a non-party to the agreement, to annex their property by ordinance pursuant to Minn. Stat. § 414.033 (2018). Proctor did so. The Chief Administrative Law Judge ("ALJ") approved the annexation, but the district court vacated the order, concluding that an orderly annexation agreement precludes annexation by ordinance of property within the designated area by a non-party to the agreement. The court of appeals reversed. Because we conclude that an orderly annexation agreement does not limit the authority of non-parties to the agreement to annex by ordinance property subject to the agreement, we affirm.
FACTS
The relevant facts are undisputed. In 2013, Duluth and Midway entered into an orderly annexation agreement pursuant to Minn. Stat. § 414.0325 regarding a certain "designated area" in Midway. See Minn. Stat. § 414.0325, subd. 1(b) (explaining that the property subject to an orderly annexation agreement is referred to as a "designated area"). The real property at issue in this case (the "subject property") consists of approximately 92 acres located in the designated area. The owners of the subject property requested that Proctor annex the property pursuant to Minn. Stat. § 414.033, subd. 2, and Proctor did so, enacting an ordinance to that effect on August 18, 2014.
Duluth and Midway objected to the annexation by ordinance, and the Office of Administrative Hearings (OAH), which had jurisdiction over the annexation, heard the dispute. The Chief ALJ issued a decision on October 10, 2016, ruling that Proctor's annexation by ordinance was valid under the statute. In particular, the Chief ALJ reasoned that:
There is no statutory basis upon which to conclude that Minn. Stat. § 414.0325 trumps or otherwise preempts the annexation process set forth in Minn. Stat. § 414.033, subd. 2(3), as long as the annexation-by-ordinance [that is, the section 414.033, subd. 2(3) proceeding] is commenced by a municipality not a party to an underlying orderly annexation agreement.
Duluth and Midway moved the district court to vacate the decision of the ALJ. The district court granted the motion, reasoning that Minn. Stat. § 414.0325, subd. 1(e) prevents annexations-by-ordinance of property within a designated area. The court held that the methods of annexation set forth in subdivision 1(e) of section 414.0325 are the exclusive methods by which property in a designated area may be annexed.
Proctor and the OAH[1] appealed, and the court of appeals reversed, reasoning *218 that the plain language of Minn. Stat. § 414.0325, subd. 1(e), "does not preclude other methods of annexation within a designated area beyond the two methods listed in that subdivision." In re Annexation of Certain Real Prop. to City of Proctor from Midway Twp. , 910 N.W.2d 460, 463 (Minn. App. 2018). The court of appeals further reasoned that Minn. Stat. § 414.0325, subd. 6, is ambiguous as to whether it applies to non-parties to an orderly annexation agreement. Id. at 463-64. Analyzing the legislative history of that section, the court of appeals concluded that the Legislature did not intend to prevent third parties from annexing property by ordinance under section 414.033 within a designated area. Id . at 464-65.
We granted the separate petitions for review of Duluth and Midway.
ANALYSIS
This case requires us to decide whether Minn. Stat. § 414.0325, subd. 1(e), precludes a non-party to an orderly annexation agreement from annexing by ordinance property within the agreement's designated area. We review questions of statutory interpretation de novo. 328 Barry Ave., LLC v. Nolan Props. Grp., LLC , 871 N.W.2d 745, 749 (Minn. 2015). The overarching goal in interpreting statutes "is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2018) ; see also 328 Barry Ave. , 871 N.W.2d at 749. We first look to the plain language of the statute and determine whether its meaning is clear or ambiguous. See Molloy v. Meier , 679 N.W.2d 711, 723 (Minn. 2004). "We interpret a statute 'as a whole so as to harmonize and give effect to all its parts, and where possible, no word, phrase, or sentence will be held superfluous, void, or insignificant.' " 328 Barry Ave , 871 N.W.2d at 749 (quoting Jackson v. Mortg. Elec. Registration Sys., Inc. , 770 N.W.2d 487, 496 (Minn. 2009) ).
Annexation by ordinance is governed by Minn. Stat. § 414.033, which provides in part that "[a] municipal council may by ordinance declare land annexed to the municipality" if one of several identified requirements is met. Minn. Stat. § 414.033, subd. 2. The applicable requirements in this case are that "the land abuts the municipality and the area to be annexed is 120 acres or less," meets certain requirements regarding public wastewater facilities, "and the municipality receives a petition for annexation from all the property owners of the land." Id. , subd. 2(3). Notably, subdivision 2(3) further provides that "[e]xcept as provided for by an orderly annexation agreement, this clause may not be used to annex" property that meets certain conditions relating to previous annexations and simultaneously proposed annexations. Id. The statute also includes notice and hearing requirements before an annexation by ordinance may occur. Id. , subd. 2b.
Orderly annexations are governed by Minn. Stat. § 414.0325. The statute describes the process of orderly annexation and how an unincorporated area is designated as "in need of orderly annexation." Minn. Stat. § 414.0325, subd. 1. Once an area has been designated and the parties have agreed to a joint resolution, the Chief ALJ is granted jurisdiction over annexation in the designated area. Minn. Stat. § 414.0325, subd. 1(c). "Thereafter, an annexation of any part of the designated area may be initiated by: (1) submitting to the chief administrative law judge a resolution of any signatory to the joint resolution; or (2) the chief administrative law judge." Id. , subd. 1(e). Furthermore, subdivision 6 provides:
*219 An orderly annexation agreement is a binding contract upon all parties to the agreement and is enforceable in the district court in the county in which the unincorporated property in question is located. The provisions of an orderly annexation agreement are not preempted by any provision of this chapter unless the agreement specifically provides so. If an orderly annexation agreement provides the exclusive procedures by which the unincorporated property identified in the agreement may be annexed to the municipality, the municipality shall not annex that property by any other procedure.
Id. , subd. 6.
Appellants argue that subdivisions 1(e) and 6 of section 414.0325 limit annexations of property within a designated area to the procedures either enumerated in subdivision 1(e) or otherwise allowed by the orderly annexation agreement that designated that area. Specifically, they first argue that subdivision 1(e)'s statement of the methods by which annexation may occur within a designated area is exclusive. Second, they argue that the statement in subdivision 6 regarding preemption unambiguously applies to everyone, not just to parties to an orderly annexation agreement. Appellants also point to section 414.01, subdivision 1a(5), which indicates the Legislature's intent that joint resolutions for orderly annexation and long-term regional planning "should be encouraged," and argue that interpreting chapter 414 to bind non-signatories to an orderly annexation agreement to its terms would be consistent with that preference. We are not persuaded.
As an initial matter, we see nothing in either statute that precludes a non-party to an orderly annexation agreement under section 414.0325 from conducting an annexation by ordinance under section 414.033. If the Legislature wanted section 414.0325 to have a preclusive effect on non-parties, it should have said so clearly. Although section 414.0325, subdivision 1(e) states that an annexation of property within a designated area "may" be started by a party to the annexation agreement submitting a resolution "or" by the Chief ALJ, no portion of section 414.0325 expressly or impliedly states that these options are exhaustive. Nor does section 414.0325 state that this provision trumps or precludes the process described in section 414.033. Specifically, appellants would have us read subdivision 1(e) as providing that an annexation of property within a designated area may be started "only" by the enumerated methods-a word that is not included in the subdivision. "We may not add words to a statute that the Legislature has not supplied." Johnson v. Cook County , 786 N.W.2d 291, 295 (Minn. 2010).
Even if we were to conclude that section 414.0325 provides the exclusive means of initiating an annexation as to parties to an orderly annexation agreement, we would still be unable to extend that conclusion to non -parties, because section 414.0325 cannot fairly be read to limit the rights of non-parties to the agreement. "An orderly annexation agreement is a binding contract upon all parties to the agreement," Minn. Stat. § 414.0325, subd. 6, but the statute does not specifically identify any impact on the rights of non- parties to the agreement-and a contract does not generally bind non-parties. Rausch v. Julius B. Nelson & Sons, Inc. , 276 Minn. 12, 149 N.W.2d 1, 6 (1967). Moreover, notice of a proposed orderly annexation agreement is only given to residents within the township and the municipality, not to other municipalities. Minn. Stat. § 414.0325, subd. 1b. Given this context, we cannot interpret subdivision 1(e)'s enumeration of possible methods of initiating *220 an annexation as exclusive against non-parties to the agreement.
Likewise, section 414.033 does not state that property within a designated area is not available for annexation by ordinance. To the contrary, subdivision 2(3) of section 414.033 contemplates that annexation by ordinance is a possibility for property within a designated area, because it limits annexation by ordinance "[e]xcept as provided for by an orderly annexation agreement." Minn. Stat. § 414.033, subd. 2(3). Although provisions in an orderly annexation agreement bind only the parties to the agreement, and therefore this provision could not apply to a non-party, section 414.033's reference to orderly annexation agreements establishes that an orderly annexation agreement does not preclude the procedures of section 414.033 with respect to the designated area. In short, if section 414.0325, subdivision 1, were to preclude annexation by ordinance under section 414.033, as appellants argue, the exception in subdivision 2(3) of section 414.033 would be superfluous. But we must interpret the statute "as a whole so as to harmonize and give effect to all its parts." 328 Barry Ave. , 871 N.W.2d at 749 (internal quotation omitted). Accordingly, we do not interpret section 414.0325, subdivision 1, to preclude annexation by ordinance.
Appellants argue that subdivision 6 of section 414.0325 contains an "express preemption" provision that precludes annexation by ordinance by a non-party. Subdivision 6 contains three sentences: (1) "An orderly annexation agreement is a binding contract upon all parties to the agreement and is enforceable in ... district court ...," (2) "[t]he provisions of an orderly annexation agreement are not preempted by any provision of this chapter unless the agreement specifically provides so," and (3) "[i]f an orderly annexation agreement provides the exclusive procedures by which the unincorporated property identified in the agreement may be annexed to the municipality, the municipality [that is, the party to the agreement] shall not annex that property by any other procedure." Appellants argue that the second sentence precludes non-parties to an orderly annexation agreement from annexing property through methods set out in other provisions of Chapter 414. We disagree.
The parties' dispute centers on whether the second sentence applies to non-parties to an orderly annexation agreement.[2] Appellants argue that the plain text of the second sentence does not limit its application only to parties. It is true that the second sentence does not explicitly limit its application to parties only; indeed, it does not mention either parties or non-parties. But again, we must interpret the statute "as a whole." 328 Barry Ave. , 871 N.W.2d at 749 (internal quotation marks omitted). Both the first and third sentences of subdivision 6 make it clear that they apply only to parties to an orderly annexation agreement. The first sentence specifically describes the effect of the agreement on "all parties to the agreement," and the third sentence specifically refers to a municipality subject to an agreement, i.e., a party thereto.
Appellants would have us read the second sentence in isolation, which we cannot *221 do. When the three sentences of subdivision 6 "are read together, as they must be, the legislative intent is clear." Owens v. Federated Mut. Implement & Hardware Ins. Co. , 328 N.W.2d 162, 164 (Minn. 1983). The first and third sentences are intended solely for the parties to the orderly annexation agreement. See Minn. Stat. § 414.0325, subd. 6. We read the second sentence in the same way, giving the parties flexibility in crafting the orderly annexation agreement. See id. As with sentences one and three, we read sentence two to unambiguously bind only parties to the orderly annexation agreement and not to preempt other sections of the statute as applied to non-parties. See id.
Finally, appellants' argument regarding the stated legislative purpose of Chapter 414 is unpersuasive. Appellants point to section 414.01, subd. 1a(5) (2018), which recites the Legislature's finding that "joint resolutions for orderly annexation, consolidation of municipalities, mergers of towns and municipalities, long-range joint powers planning or other cooperative efforts among counties, cities, and towns should be encouraged." Minn. Stat. § 414.01, subd. 1a(5) (2018). But the Legislature's general "encourage[ment]" does not justify interpreting the provisions of Chapter 414 contrary to their plain meaning and does not speak to limiting the rights of non-parties to an orderly annexation agreement.
Moreover, the Legislature intended that, under chapter 414, controversies over the creation of municipalities, combinations of governmental units, and boundary alterations by annexation should be decided by the Chief ALJ. Minn. Stat. § 414.01, subd. 1 (2018). Another section of the chapter provides the Chief ALJ with 17 factors to consider when making decisions about annexations. Minn. Stat. § 414.031, subd. 4 (2018). And sections 414.0325 and 414.033 both reference and incorporate section 414.031.[3] Allowing parties to contract away the ability of third parties to annex property by ordinance under section 414.033 would not fit within the statutory framework that authorizes the Chief ALJ to consider all relevant information before deciding the proper course of action.
Because we must give effect to the entirety of the statute, the plain meaning of sections 414.0325 and 414.033 indicates that the Legislature did not intend that either section preempt the other. Further, permitting one type of annexation to take precedence over another would be inconsistent with the legislative framework that allows the Chief ALJ to resolve conflicts between the annexation processes.
We therefore hold that orderly annexation agreements created under section 414.0325 do not prevent non-parties from annexing property by ordinance under section 414.033.
CONCLUSION
For the foregoing reasons, we affirm the decision of the court of appeals.
Affirmed.

The OAH may appeal from a district court order when the Chief ALJ "determines that the final order or judgment adversely affects the public interest." Minn. Stat. § 414.08 (2018).

Appellants assert that because the second sentence applies to non-parties to an orderly annexation agreement, Proctor's annexation by ordinance was not permitted. Respondents do not directly dispute that logical implication, instead denying its premise by arguing that the second sentence does not apply to non-parties. We accept the parties' framing for purposes of this opinion. But it is not clear that appellants' logic is correct. The second sentence of subdivision 6 states that the agreement is not preempted by other provisions of the statute. Appellants argue that under subdivision 6 the agreement itself precludes application of other provisions of the statute, which is not the same thing.

The Chief ALJ may not have been able to apply those statutory factors here. See Gilbert v. Minn. State Office of Strategic & Long-Range Planning , No. CX-01-1221, 2002 WL 109313, at *2 (Minn. App. Jan. 29, 2002) ("No statutory provision gives the [Chief ALJ] authority to consider the criteria set forth in section[ ] ... 414.031, subd. 4, in annexations by ordinance under Minn. Stat.[ ]§ 414.033, subd. 2."). The limits of the Chief ALJ's discretion are not before us, but we emphasize that the disputed sections fall within a statutory scheme that permits multiple methods of annexation and requires townships and municipalities to go before the Chief ALJ when there is a conflict over those methods.